BRENTWOOD LAW GROUP, PLLC
Stephen Brower (No. 024908)
2520 East University Drive, Suite 103
Tempe, AZ 85281
Telephone: (602) 497-2435
sbrower@brentwoodlg.com
Attorneys for Plaintiffs
Nilesh Gajera and Sharad Gajera

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Nilesh Gajera, an individual, and Sharad Gajera, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> CL Maack, Inc. dba Ponderosa Market, an Arizona Corporation, Cinthyan Lee Maack, and Hardscrabble Investments, Inc. <br><br> Defendants. | Case No.: <br><br> **COMPLAINT** |

Plaintiffs Nilesh Gajera and Sharad Gajera (the "Gajeras") allege as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Nilesh Gajera resides in San Antonio, Texas.

2. Sharad Gajera resides in San Antonio, Texas.

3. Defendant CL Maack, Inc. ("CLM") is an Arizona corporation with a principal place of business in Pine, Arizona.

4. Defendant Cinthyan Lee Maack ("Ms. Maack") is a resident of Arizona.

5. Defendant Hardscrabble Investments, Inc. is an Arizona corporation with a principal place of business in Pine, Arizona and that owns real property in Gila County, Arizona.

6. This Complaint arises from agreements entered in Arizona, and Defendants' acts and omissions that occurred in Arizona.

7.  This Court has jurisdiction under 28 U.S.C. § 1332. The value of property involved is used to determine jurisdictional amounts in lawsuits for specific performance. *See Comprehensive Addiction Programs v. Mendoza*, 50 F. Supp. 2d 581, 583 (E.D. La. 1999) (*citing Waller v. Professional Ins. Corp.*, 296 F.2d 545 (5th Cir. 1961)); s*ee also Nationstar Mortg. LLC v. Knox*, 351 Fed. App'x. 844, 848 (5th Cir. 2009) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."); *Ebensberger v. Sinclair Refining Co.*, 165 F.2d 803 (5th Cir. 1948) (holding "the amount in controversy in this case was not the damages which appellee might suffer if its suit for specific performance were denied[,] [i]t was the value of the property sought to be acquired by the suit"); *Allen v. Dovenmuehle Mortg, Inc.*, No. 3:13-CV-4710, 2014 WL 3579812, at *4 (N.D. Tex. July 21, 2014) ("When specific performance of a contract is sought, the amount in controversy for diversity purposes is the value of the contract.").

8.  Venue is proper in this Court under 28 U.S.C. § 1391(b).

### GENERAL ALLEGATIONS

9.  The Gajeras incorporate the above paragraphs as if fully set forth herein.

10. On June 10, 2021, CLM, Ms. Maack, and the Gajeras signed a Purchase Agreement, and Bill of Sale (collectively, the "Agreement") indicating, among other things, that the Gajeras shall purchase the business known as the Ponderosa Market (the "Business") for $500,000. The Purchase Agreement also included $200,000 in the form of a seller-financed loan at 5% interest for 60 months. A copy of the Agreement is attached as **Exhibit A.**

11. Section 14 of the Purchase Agreement states:

> In the event Seller were to default or breach by failing to perform any of the covenants contained in this Agreement[,] **then Buyer may seek specific performance** or terminate this Agreement and receive the return of the Earnest Money Deposit, as well as seek reimbursement for reasonable legal and accounting fees and other costs incidental to inspecting the business.

*Id.* (emphasis added)

12. The Agreement constitutes a valid contract in Arizona between the Gajeras, CLM, and Ms. Maack.

13. The Agreement set a June 25, 2021 closing date. *Id.*

14. Ms. Maack is a Director, Shareholder, and President of Hardscrabble Investments Inc. ("HII").

15. On June 10, 2021, the Gajeras and HII signed a Lease Agreement (the "Lease") to lease the premises located at 6114 W. Hardscrabble Road, Building No. 2, Pine, AZ 85544.

16. On June 12, 2021, Ms. Maack anticipatorily repudiated the Agreement and Lease and caused CLM and HII renege, back out, and breach the Agreement and Lease. The Gajeras responded they were open to postponing the closing date if needed but would not agree to cancel the Agreement and Lease.

17. The Gajeras contacted Ms. Maack on June 25, 2021 to complete the sale of the market, but Ms. Maack did not respond.

18. On June 29, 2021, the Gajeras, through counsel, sent written correspondence to Ms. Maack restating that the Gajeras intended to complete the purchase of the Business under the Agreement.

19. On July 9, 2021, Ms. Maack stated, "I reneged or backed out or breached the contract on June 12th . . . I couldn't go through with it."

20. On July 12, 2021, Ms. Maack sent an email to the Gajeras' counsel stating: "I will not sell them my market at any price now!  They need to let it go."

21. On July 19, 2021, Ms. Maack stated: "I understand I breached the contract. I'm willing to cut him a check."

22. As of the date of this filing, Ms. Maack continues to refuse to sell the Business to the Gajeras and allow them the benefit of the Agreement and Lease.

23. There is no contingency in the Agreement or Lease that would allow Ms. Maack to cancel the same.

24. The Gajeras have tendered and continue to tender performance and are presently ready, willing, and able to perform pursuant to the Agreement and Lease.

25. Ms. Maack's attempt to cancel the Agreement and Lease constitutes a breach or anticipatory repudiation of the Agreement and Lease.

26. The Gajeras attempted to mediate this matter pursuant to the Agreement.

27. Despite multiple requests to mediate from the Gajeras' counsel, Ms. Maack did not agree to participate in mediation.

## COUNT I

### (Breach of Contract/Specific Performance)

28. The Gajeras incorporate the above paragraphs as if fully set forth herein.

29. As set forth above, in breach of the Agreement, Ms. Maack has improperly attempted to cancel the Agreement and Lease.

30. Ms. Maack's attempt to cancel the Agreement and Lease constitutes a breach or anticipatory repudiation of the Agreement and Lease.

31. The Agreement and Lease is supported by adequate consideration and the Gajeras have performed and continues to perform all conditions precedent under the Agreement and Lease.

32. Ms. Maack's breach of the Agreement and Lease has caused the Gajeras to suffer damages in an amount to be proven at trial.

33. The Gajeras are entitled to specific performance of the Agreement and Lease.

34. The Gajeras are entitled to recover their attorneys' fees and costs for bringing this action, pursuant to A.R.S. § 12-341.01.

## COUNT II

### (Breach of the Covenant of Good Faith and Fair Dealing)

35. The Gajeras incorporate the above paragraphs as if fully set forth herein.

36. Implied in every contract is a covenant of good faith and fair dealing.

37. Through Ms. Maack's actions as stated herein, she breached the implied covenant of good faith and fair dealing.

38. As a direct and proximate cause of Ms. Maack's actions, the Gajeras suffered damages in an amount to be proven at trial.

39. Buyer is entitled to specific performance of the Contract.

40. Buyer is entitled to recover Buyer's attorneys' fees and costs for bringing this action, pursuant to A.R.S. §§ 12-341 and 12-341.01.

WHEREFORE, the Gajeras pray that the Court enter judgment in their favor and against Defendants, jointly and severally, including:

A. For specific performance, requiring Ms. Maack to complete the sale of the Business under the Agreement and Lease;

B. An award of actual, special, and consequential damages in an amount to be proven at trial;

C. An award of taxable costs and reasonable attorneys' fees under all applicable law;

D. Pre- and post-judgment interest at the highest permissible rate; and

E. For such other and further relief as the Court deems proper.

DATED: October 14, 2021.

BRENTWOOD LAW GROUP, PLLC

By /s/ Stephen Brower
Stephen Brower
Attorney for Plaintiffs
Nilesh Gajera and Sharad Gajera